LATHAM & WATKINS LLP
   Kenneth M. Fitzgerald (Bar. No. 142505)
   Christopher A. Rheinheimer (Bar. No. 253890)
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: 1.619.236.1234
Facsimile: 1.619.696.7419

Attorneys for Plaintiff
ViaSat, Inc.

FILED
08 FEB 20 PM 4:11
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0328 BTM CAB

| | |
|---|---|
| VIASAT, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WILDBLUE COMMUNICATIONS, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW THE Plaintiff, ViaSat, Inc. ("ViaSat"), which for its complaint, alleges as follows:

## INTRODUCTION

1. ViaSat is incorporated in Delaware with its principal place of business in Carlsbad, California. ViaSat provides satellite and other wireless communications equipment and services to businesses. ViaSat is authorized to conduct business in the State of California.

2. Defendant WildBlue Communications, Inc. ("WildBlue") is incorporated in Delaware with its principal place of business in Greenwood Village, Colorado. WildBlue provides high-speed internet access via satellite.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4. On information and belief, this Court has personal jurisdiction over WildBlue because: (1) WildBlue transacts and has transacted business within the State of California, thereby purposely availing itself of the privilege of conducting activities within this State; (2) WildBlue provides services in the State of California, including providing high-speed internet access via satellite in California; (3) WildBlue derives revenues from customers in the State of California; and (4) the instant dispute arises out of WildBlue's improper demands on ViaSat, a party whose principal place of business is in this State.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events and omissions giving rise to ViaSat's claim occurred in this judicial district.

## GENERAL ALLEGATIONS

6. On or about February 4, 2008, ViaSat hired Thomas Moore as Senior Vice President of ViaSat and President of the ViaSat-1 Ka-Band Broadband Satellite Initiative.

7. Prior to working at ViaSat, Mr. Moore worked for WildBlue as its president and CEO from 1998 until late 2005. Between late 2005 and February 4, 2008, Mr. Moore was not employed by WildBlue, but served as a member of its Board of Directors. During that time period, Mr. Moore has also worked for other companies, including acting as principal of TimesArrow, a telecommunications and technology venture firm, as well as WaveBender, Inc., a flat panel antenna technology company.

8. On or about February 14, 2008, Mr. Moore resigned from WildBlue's Board of Directors. Based upon information and belief, such resignation was not legally required, as WildBlue's Charter and By-Laws provides directors with wide latitude regarding who they can work for while serving on WildBlue's Board.

9. On or about February 18, 2008, WildBlue sent a letter to ViaSat concerning ViaSat's hiring of Mr. Moore (the "Demand Letter"). A true and correct copy of the Demand Letter is attached to this Complaint as Exhibit A.

10. The Demand Letter asserts that, "even though Mr. Moore resigned as director of WildBlue, his ongoing duties to WildBlue continue to preclude him for an extended period of time from working with ViaSat."

11. ViaSat is informed and believes, and on that basis alleges, that Mr. Moore was and is free, under applicable law as well as WildBlue's governing corporate Charter and Bylaws, to pursue his employment with ViaSat.

12. The Demand Letter also asserts that Mr. Moore improperly gathered WildBlue's "highly proprietary financial, technical and strategic information" and that Mr. Moore "intends to use WildBlue confidential information for the benefit of ViaSat in direct contravention of his fiduciary duties."

13. On information and belief, Mr. Moore truthfully represented in writing to ViaSat that he would not, in his employment with ViaSat, use or disclose any trade secrets belonging to WildBlue, and Mr. Moore has no intent to do so.

14. The Demand Letter also asserts that Mr. Moore is in breach of his fiduciary duties, and that ViaSat is inducing the breach of such purported duties, because "Mr. Moore was privy to WildBlue's analysis of the factual and legal issues involved" in an evolving contract dispute and potential arbitration between WildBlue and ViaSat.

15. ViaSat has not solicited, received, or utilized any privileged or otherwise legally protected information from Mr. Moore concerning the contract dispute and potential arbitration between WildBlue and ViaSat.

16. The Demand Letter further asserts that "[i]f Mr. Moore maintains his position with ViaSat, it is inevitable that [WildBlue's] trade secrets will be disclosed to, and used for the benefit of, ViaSat."

17. WildBlue's asserted theory of "inevitable disclosure" of trade secrets is contrary to California law and has been rejected by the California courts.

18. Finally, the Demand Letter asserts that Mr. Moore's mere "consideration of, much less his acceptance of, the proposed positions with ViaSat is a breach of his fiduciary duties to WildBlue and its shareholders . . . ."

19. Mr. Moore's consideration and acceptance of his position with ViaSat does not constitute a breach of any fiduciary duty purportedly owed by Mr. Moore to WildBlue or its shareholders.

20. In the Demand Letter, WildBlue demanded that Mr. Moore resign from ViaSat, or, in the alternative, ViaSat terminate Mr. Moore's employment. WildBlue demanded "confirm[ation] no later than February 21, 2008 that Mr. Moore will not assume any position at ViaSat or any of its affiliates." Furthermore, WildBlue demanded that "Mr. Moore immediately return to WildBlue all information that he has received from WildBlue in his capacity as a director or in his capacity as Chief Executive Officer . . . ."

21. ViaSat does not intend to terminate Mr. Moore's employment. On information and belief, Mr. Moore has returned or will shortly return to WildBlue all documents that he received from WildBlue in his capacities as a director and Chief Executive Officer of WildBlue.

22. On information and belief, there is a present probability that an action brought by WildBlue, consistent with the assertions contained in the Demand Letter, would seek at least $75,000 in damages and/or an injunction causing ViaSat losses of at least $75,000.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Against WildBlue)

23. ViaSat realleges and incorporates by reference as though fully set forth herein each and every allegation of paragraphs 1 through 22.

24. A present and actual controversy has arisen and now exists between ViaSat and WildBlue concerning their respective rights and duties regarding Tom Moore's employment at ViaSat.

25. ViaSat contends that it has complied with any enforceable restrictions on Tom Moore's employment at ViaSat and that Tom Moore's current employment at ViaSat does not violate any enforceable duties between Tom Moore and WildBlue or its shareholders

26. ViaSat desires a judicial determination of the rights and duties of the parties, and a declaration as to which party is correct. Such a judicial declaration is necessary and appropriate at this time, under the circumstances alleged herein, in order that ViaSat may ascertain its rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, ViaSat prays for the following relief:

a. A judicial declaration adjudging the parties' respective rights and obligations regarding Tom Moore's employment at ViaSat;

b. Attorneys' fees and costs incurred herein; and

c. Such other relief as the Court may deem just and proper.

Dated: February 20, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Kenneth M. Fitzgerald
Christopher A. Rheinheimer

By _____
Christopher A. Rheinheimer
Attorneys for Plaintiff
ViaSat, Inc.

Exhibit A

David M. Brown
Senior Vice President and General Counsel
Direct: 720-554-7411
dbrown@wildbluecorp.com



WILDBLUE.
COMMUNICATIONS

February 18, 2008

**By Federal Express and Electronic Mail**

Mr. Mark D. Dankberg (markd@viasat.com)
Chairman of the Board and
Chief Executive Officer
ViaSat, Inc.
6155 El Camino Real
Carlsbad, CA 92009

Mr. Thomas E. Moore (tom@timesarrow.net)
10 Lynn Road
Denver, CO 80210

Mr. Thomas E. Moore
c/o Times Arrow
4600 S. Syracuse, Suite 900
Englewood, CO 80237

Gentlemen:

    ViaSat's recent announcement that Tom Moore will become a Senior Vice President of ViaSat and President of ViaSat's Ka-band broadband satellite program is wholly unacceptable to WildBlue. As a member of WildBlue's board of directors until February 14, 2008, Mr. Moore owes WildBlue and its shareholders duties of loyalty and confidentiality. Mr. Moore's proposed employment by ViaSat at the highest level disregards his fiduciary duties and misappropriates WildBlue's highly proprietary financial, technical and strategic information.

    As a long standing member of WildBlue's board of directors, Mr. Moore has received all of WildBlue's highly proprietary technical and strategic information, including our most closely guarded trade secrets. Notably, only days before ViaSat announced its competitive offering that Mr. Moore hopes to lead, Mr. Moore requested and received all of WildBlue's computer models analyzing its long term business plan, its plans to acquire additional satellite capacity and its analysis of ViaSat's (and others') bid to provide that capacity. He did so without disclosing to WildBlue or its board of directors that he was in conversations with ViaSat.

    Mr. Moore has been deeply involved in WildBlue's strategy to acquire additional space capacity, including its plans to acquire and launch a new satellite. In fact, Mr. Moore has provided detailed comments on the proposed design for such a satellite -- one that he now plans to construct on behalf of his putative employer. Indeed, as Mr. Moore is well aware, at virtually

Mr. Mark Dankberg
Mr. Thomas E. Moore
Page 2

the same time ViaSat announced its plans to develop and launch a competing broadband satellite, Mr. Moore utilized his position as a director of WildBlue to request and obtain from WildBlue highly confidential financial and technical information concerning WildBlue's satellite project. Mr. Moore's duties as a director preclude him from disseminating WildBlue trade secrets to third parties, or using such information for any purpose other than to benefit WildBlue. If Mr. Moore maintains his position with ViaSat, it is inevitable that these trade secrets will be disclosed to, and used for the benefit of, ViaSat. Mr. Moore's recent decision to leave the WildBlue board does nothing to alleviate the risk that he will pass WildBlue confidential information to ViaSat.

Each of you must be aware that Mr. Moore's consideration of, much less his acceptance of, the proposed positions with ViaSat is a breach of his fiduciary duties to WildBlue and its shareholders, including his duties of loyalty and confidentiality. These duties did not end when Mr. Moore resigned from the WildBlue board. ViaSat's press release touts Mr. Moore's knowledge of WildBlue's "satellite design, procurement, financing, strategic partnerships, ground networking, launch and distribution relationships." This press release is an admission that Mr. Moore intends to use WildBlue confidential information for the benefit of ViaSat in direct contravention of his fiduciary duties. Mr. Moore's intimate knowledge of WildBlue's current trade secrets and other proprietary information, obtained as a trusted member of its board of directors, inevitably will provide an unfair competitive advantage to ViaSat as it launches its broadband satellite initiative. These breaches expose Mr. Moore to significant personal liability to WildBlue and its shareholders, and could be excluded from any claim for indemnification by Mr. Moore.

The severity of Mr. Moore's breaches of his fiduciary duties, and ViaSat's wrongful inducement of these breaches, is compounded by the fact that WildBlue and ViaSat are on the verge of an arbitration proceeding arising out of the epidemic failure of a key component of the WildBlue system exclusively designed and manufactured by ViaSat. As a director of WildBlue, Mr. Moore was privy to WildBlue's analysis of the factual and legal issues involved in that dispute, the advice we have received from trial counsel and our litigation strategy. Again, Mr. Moore participated in these deliberations without disclosing to WildBlue or its counsel that he was in conversations with ViaSat. Installing Mr. Moore as a senior officer of ViaSat and the president of ViaSat's broadband satellite initiative in such circumstances, and the inevitable disclosure of this privileged information, will irreparably harm WildBlue.

Needless to say, even though Mr. Moore resigned as a director of WildBlue, his ongoing duties to WildBlue continue to preclude him for an extended period of time from working with ViaSat. Mr. Moore must resign from ViaSat. In the alternative, ViaSat must terminate Mr. Moore's employment.

WildBlue must take prompt action to protect its trade secrets and minimize the irreparable harm that has resulted from, and will continue to result from Mr. Moore's inevitable use and disclosure of those secrets for ViaSat's benefit. Accordingly, I ask that you confirm no later than February 21, 2008 that Mr. Moore will not assume any position at ViaSat or any of its affiliates. Moreover, WildBlue demands that Mr. Moore immediately return to WildBlue all information that he has received from WildBlue in his capacity as a director or in his capacity as

Mr. Mark Dankberg
Mr. Thomas E. Moore
Page 3

Chief Executive Officer, whether that information was provided in "hard copy" or electronically. WildBlue further demands that Mr. Moore confirm that he has destroyed all copies of such information and that he has not disclosed that information to anyone, including, but not limited to, ViaSat.

Sincerely,

David M. Brown
Senior Vice President and General Counsel

David Leonard
Mark Carleton
Bob Phillips
Phil Spector
David McGlade
Gary Howard
Walter Segaloff
Roger Thomasch

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
VIASAT, INC., a Delaware Corporation

**DEFENDANTS**
WILDBLUE COMMUNICATIONS, a Delaware Corporation

'08 CV 0328 BTM CAB

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 236-1234

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities-Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities-Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1332
Brief description of cause: Declaration adjudging the parties' respective rights and obligations regarding Tom Moore's employment at ViaSat.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: February 20, 2008
SIGNATURE OF ATTORNEY OF RECORD: Christopher A. Rheinheimer

FOR OFFICE USE ONLY
RECEIPT # 147888  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
su 2/20/08

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

        # 147888      - SH

          February 20, 2008
              16:12:15

           Civ Fil Non-Pris
     USAO #.: 08CV0328
     Judge..: BARRY T MOSKOWITZ
     Amount.:                $350.00 CK
     Check#.: BC424754


          Total-> $350.00


     FROM: VIASAT INC V. WILDBLUE COMM
```